# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## CASE NO. 5:19-cv-328

|                              |   |
|------------------------------|---|
| MAGGIE WEBB,                 | ) |
|                              | ) |
|     Plaintiff, | ) |
|                              | ) |
| v.                           | ) |
|                              | ) |
| SINGH SENIOR LIVING, LLC,    | ) |
|                              | ) |
|     Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Maggie Webb ("Ms. Webb"), by and through counsel, and files this Complaint against Singh Senior Living, LLC ("Defendant").

## PARTIES, JURISDICTION & VENUE

1. Ms. Webb is a citizen and resident of the State of Delaware. During the relevant time-period, Ms. Webb was a citizen and resident of Wake County, North Carolina. She also is a former employee of Defendant.

2. Upon information and belief, Defendant: (i) is a corporation organized and existing under the laws of the State of Delaware; (ii) transacts business in the State of North Carolina; and (iii) employed Defendant in North Carolina during the relevant time-period.

3. Defendant is an "employer" within the meaning of Title VII of the 1964 Civil Rights Act ("Title VII") and other relevant statutes.

4. At all relevant times, Ms. Webb was an "employee" of Defendant within the meaning of Title VII and other relevant statutes.

5. This Court has jurisdiction over the subject matter of this action and the parties. Venue also is proper in this Court.

## FACTUAL BACKGROUND

6. Ms. Webb commenced employment with Defendant in February 2017 as the Executive Director for one of Defendant's Raleigh, North Carolina locations.

7. At all relevant times, Eric Stromski served as Ms. Webb's immediate supervisor. Steven Tyshka served as Mr. Stromski's immediate supervisor.

8. Before February 2017, Defendant (including Mr. Tyshka) was aware that Mr. Stromski had a history of engaging in unlawful sex discrimination and harassment at work. Nevertheless, Defendant continued to employ Mr. Stromski; allowed Mr. Stromski to continue to supervise female employees; and otherwise did not take appropriate remedial action.

9. At all relevant times, Ms. Webb performed her job in a satisfactory manner. To that point, between February 2017 and May 2017, the Company did not once discipline Ms. Webb and/or raise concerns about her job performance.

10. Consistent with his history of engaging in unlawful conduct, Mr. Stromski sexually harassed Ms. Webb throughout her employment. Mr. Stromski's conduct towards Ms. Webb included, but was not limited to, showering her with sexually-charged comments; repeatedly hugging Ms. Webb without her consent; and repeatedly trying to massage Ms. Webb's shoulders and neck without her consent.

11. This harassment regularly occurred between February 2017 and May 2017, causing Ms. Webb to suffer extreme anxiety, as diagnosed by her medical providers.

12. Ms. Webb pointedly complained to Mr. Stromski and other managers about his misconduct, including before and after May 2, 2017. However, the misconduct did not stop.

2

13. At the same time he was harassing Ms. Webb, and on information and belief, Mr. Stromski also was having multiple sexual relationships with subordinate and supervisory Company employees.

14. Given the overall hostile working environment, Ms. Webb did what she could to limit her interactions with Mr. Stromski so that she could feel safe at work while still maintaining a professional relationship with him and otherwise fulfilling her job duties.

15. Although the Company ostensibly has policies stating that it does not condone sexual harassment and/or will not engage in retaliation, the reality is much different. Indeed, the Company penalized Ms. Webb for distancing herself from Mr. Stromski's sexual advances, including by summarily terminating her employment on May 2, 2017.

16. The Company's stated reasons for summarily terminating Ms. Webb was that she "was not a good fit" for her position because of a purported failure to fully "interact" with Company employees like Mr. Stromski. These reasons are false and were known to be false by the Company at the time of Ms. Webb's termination.

17. In fact, the Company terminated Ms. Webb for discriminatory, retaliatory and/or otherwise unlawful reasons.

18. As further evidence of the Company's pretext, Human Resources Manager Emily Johnson explicitly advised Ms. Webb that Ms. Johnson did "not agree with the termination" and that it was "the fastest termination" she had witnessed.

19. At the time of her unlawful termination, Ms. Webb received annual compensation of approximately $95,000, along with lucrative benefits.

20. As a result of her unlawful termination, Ms. Webb was forced to relocate her family to the State of Delaware. She also suffered substantial emotional and other distress due to

3

Defendant's unlawful conduct.

21.     Following her unlawful termination, Ms. Webb timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging, among other things, that Defendant violated her rights under Title VII.

22.     The EEOC issued Ms. Webb a right to sue letter, which is attached as Exhibit A.

**FIRST CLAIM FOR RELIEF**
**(Title VII – Sex Discrimination & Retaliation)**

23.     The allegations in paragraphs 1 through 22 above are hereby incorporated by reference.

24.     At all relevant times, Ms. Webb performed her job functions in a satisfactory manner.

25.     Ms. Webb engaged in protected activity under Title VII, as alleged herein and Defendant was aware of such protected activity during the relevant time-period.

26.     At all relevant times, Ms. Webb was within the class of persons protected by Title VII.

27.     Defendant took employment actions against Ms. Webb that adversely affected her, including as alleged herein.

28.     Defendant took such adverse employment actions against Ms. Webb because of her sex and/or Title VII protected activity.

29.     As a result of the Defendant's discriminatory and/or retaliatory employment actions, Ms. Webb suffered substantial damages.

4

## SECOND CLAIM FOR RELIEF
### (Wrongful Discharge in Violation of North Carolina Public Policy)

30. The allegations in paragraphs 1 through 29 are hereby incorporated by reference.

31. At all times relevant to this Complaint, Ms. Webb was within the class of persons protected by N.C. Gen. Stat. § 143-422.2 and other applicable statutes.

32. Defendant took adverse employment actions against Ms. Webb, as alleged herein.

33. Upon information and belief, Ms. Webb's sex was a determinative factor in Defendant's decision to take adverse and/or retaliatory employment actions against Ms. Webb.

34. It is the public policy of the State of North Carolina to protect and safeguard the right and opportunity of all persons who seek, obtain and hold employment without discrimination based on sex, as manifested in N.C. Gen. Stat. § 143- 422.2.

35. Defendant's adverse employment actions against Ms. Webb because of her sex is a violation of the public policy of the State of North Carolina, and Ms. Webb has suffered substantial damages as a result, in an amount to be determined at trial.

36. As a result of Defendant's discriminatory and/or retaliatory employment actions, Ms. Webb is entitled to back pay, front pay, punitive damages and other forms of relief.

## THIRD CLAIM FOR RELIEF
### (Negligent Retention & Supervision)

37. The allegations in paragraphs 1 through 36 above are hereby incorporated by reference.

38. On information and belief, and prior to Ms. Webb commencing employment at the Company, Mr. Stromski had a history of engaging in negligent conduct by, among other things, discriminating and retaliating against employees in the same protected classes as Ms.

5

Webb. As a result, at all relevant times, Mr. Stromski was unfit for his job position at the Company.

39. At all relevant times, the Company was and/or should have been aware of this fact and of Mr. Stromski's unfitness for his job position.

40. At all relevant times, the Company failed to take appropriate remedial action concerning Mr. Stromski's misconduct.

41. As a direct and proximate result of the Company's negligent retention and supervision of Mr. Stromski, Ms. Webb suffered severe emotional and physical distress.

42. As a direct and proximate result of the Company's negligent conduct, Ms. Webb has incurred substantial damages.

43. The conduct, acts and omissions of Defendant constitute malicious, willful and wanton conduct or are in reckless disregard and indifference to Ms. Webb's rights.

WHEREFORE, Ms. Webb respectfully requests the following relief:

a. Judgment against Defendant for compensatory damages in an amount to be more particularly determined at trial;

b. Judgment against Defendant for punitive damages in an amount to be more particularly determined at trial;

c. That she recover from Defendant the reasonable costs of attorneys' fees incurred in the prosecution of this action, plus interest as allowed by law;

d. That all costs of this action be taxed against Defendant;

e. That all issues in this case be tried by a jury; and

f. For such other and further relief that the Court deems appropriate.

6

Respectfully submitted this 1st day of August, 2019.

**THE NOBLE LAW FIRM, PLLC**

*/s/ Nicholas J. Sanservino, Jr.*
Nicholas J. Sanservino, Jr.  (N.C. Bar No. 36557)
141 Providence Road, Suite 210
Chapel Hill, N.C.  27514
Telephone:     (919) 251-6008
Facsimile:      (919) 869-2079
nsanservino@thenoblelaw.com
*Attorneys for Plaintiff*

7